**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **PHYLLIS BARBER,** *Individually and as Administrator of the Estate of Evelyn Settembre*, <br><br> Plaintiff, <br><br> v. <br><br> **THE STATE OF NEW JERSEY,** *et al.*, <br><br> Defendants. | Civil Action No. 24-3202 (ZNQ) (RLS) <br><br> **OPINION** |

**QURAISHI, District Judge**

Before the Court is Defendants'—the State of New Jersey, the New Jersey Veterans Memorial Home at Menlo Park, the New Jersey Veterans Memorial Home at Paramus, Paramus Veterans Memorial Homes, and the New Jersey Department of Military and Veterans Affairs (collectively "the State Defendants")—Motion to Dismiss ("Motion to Dismiss," ECF No. 5), and Plaintiff's—Phyllis Barber, individually and as Administrator of the Estate of Evelyn Settembre—Motion to Remand (the "Motion to Remand," ECF No. 17).

After Plaintiff filed her initial complaint in Warren County, New Jersey, the State Defendants removed the case to federal court pursuant to 28 U.S.C. § 1441(a). ("Notice of Removal," ECF No. 1.) The State Defendants thereafter filed a Motion to Dismiss the Complaint, (ECF No. 5), which the Court construed as a pre-motion conference request (ECF No. 11). Plaintiff then filed a letter response to the Motion to Dismiss, ("Letter," ECF No. 12), and then a memorandum of law in opposition to the Motion to Dismiss, ("Opp'n Br.," ECF No. 20), to which

1

the State Defendants responded ("Moving Br.," ECF No. 21). Subsequently, on April 15, 2024, Plaintiff filed a Motion to Remand, (ECF No. 17), to which the State Defendants responded (ECF No. 22.) Defendants Sean P. Van Lew, Sr., and Matthew Shottlander (collectively, the "individually named Defendants") are represented by separate counsel from those representing the State Defendants and have neither moved to dismiss Plaintiff's Complaint nor responded to Plaintiff's Motion to Remand.[1]

The Court has carefully considered the parties' submissions and decides both motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.[2] For the reasons set forth below, the Court will **DENY** Plaintiff's Motion to Remand, and **GRANT** the State Defendants' Motion to Dismiss.

I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

   A.  Factual Background[3]

Starting on or about February 23, 2017, and throughout the coronavirus pandemic ("COVID"), Decedent Evelyn Settembre ("Decedent") resided at a nursing home located at 1 Veteran's Way in Paramus, New Jersey. ("Compl.," ECF No. 1-A ¶¶ 15, 16, 19.) The nursing home is controlled by State Defendant Paramus Memorial Homes, an agency of the State of New Jersey. (*Id.* ¶ 8.) Moreover, Defendant the New Jersey Department of Military and Veterans Affairs ("NJDMVA") is a state agency that controls, operates, and oversees State Defendants the New Jersey Veterans Memorial Home at Paramus, and Paramus Memorial Homes. (*Id.* ¶ 9.) Although not named as a defendant, the New Jersey Division of Veteran's Healthcare Services is

---

[1] Because the individually named Defendants have not responded to the Complaint or the Motion to Remand, the claims against them will not be discussed in this Opinion.
[2] All references to Rules hereinafter refer to the Federal Rules of Civil Procedure unless otherwise noted.
[3] For the purposes of the pending motions, the Court assumes that the well-pled facts of the Complaint are true.

an agency of the State of New Jersey that controls, operates, and manages New Jersey Veterans Memorial Home at Paramus. (*Id.* ¶ 10.)[4]

As alleged in the Complaint, during the COVID pandemic, the Paramus nursing home where Decedent lived had "multiple systemic failures in the delivery of care." (*Id.* ¶ 16.) Plaintiff alleges that there was a "facility-wide breakdown in [Defendants'] duty to protect and keep its residents free from harm." (*Id.*) Such failures, according to Plaintiff, resulted in deaths and harm to residents at the facility. (*Id.* ¶ 18.) And as a result of Defendants' actions, Decedent suffered multiple injuries, mistreatment, abuse, bullying, significant pain and suffering, and significant loss of enjoyment of life. (*Id.* ¶ 19.) Decedent died, in Plaintiff's words, "a needless and painful death" on or about November 20, 2021. (*Id.*)

**B. Procedural History**

On February 16, 2024, Phyllis Barber, individually and as Administrator of the Estate of Evelyn Settembre, filed a Complaint in the Law Division, Warren County, asserting (1) a claim under the New Jersey Nursing Home Responsibilities and Rights of Residents Act, N.J. Stat. Ann. § 30:13-1, *et seq.* ("NHRRRA"), (2) two civil rights violations brought pursuant to 42 U.S.C. § 1983, and (3) one claim for the fraudulent concealment of evidence. (*See* Compl.) The State Defendants removed the case to this Court on March 15, 2024, based on the Section 1983 claims. (ECF No. 1.)[5] On March 22, 2024, the State Defendants filed a Motion to Dismiss under Rule

---

[4] As briefly stated, the Complaint also names Sean P. Van Lew Sr. and Matthew Shottlander as Defendants but does not indicate who they are, what their responsibilities are, or why they should be held liable. It appears that Sean P. Van Lew Sr. is the Director of the NJDMVA, and Matthew Shottlander is the CEO of the New Jersey Veterans Memorial Home at Paramus.

[5] There is no indication in the Record that the individually named Defendants consented to removal which is a requirement under the unanimity rule. *See* 28 U.S.C. § 1446(b)(2)(A). The failure to consent to removal, however, does not constitute a defect that voids the Court of jurisdiction. *See Hoffman v. Metro. Ins. & Annuity Co.*, No. 12-2303, 2012 WL 3185953 *4 (D.N.J. Aug. 2, 2012) ("Objections to procedural defects are waived if they are not filed within 30 days of the removal whereas jurisdictional defects can be raised at any time" (citing *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 379–80 (7th Cir. 2000))); *see also Ayers v. Watson*, 113 U.S. 594, 598–99 (1885) (explaining that non-jurisdictional arguments can be waived but jurisdictional arguments cannot be waived).

3

12(b)(6). (ECF No. 5.) And on April 15, 2024, Plaintiff filed a Motion to Remand. (ECF No. 17.)

## II. DISCUSSION

Although the State Defendants' Motion to Dismiss was filed prior to Plaintiff's Motion to Remand, the Court will consider the Motion to Remand first because it challenges the Court's jurisdiction. Plaintiff's sole argument is that the State Defendants' Notice of Removal was untimely given that the State Defendants "evaded service," and defense counsel had "actual possession" of the Complaint several months before removing the action. (Motion to Remand at 8–9.) Plaintiff asks the Court to adopt a new rule of law relating to removal: evasion of service by a defendant should trigger the thirty-day timeline for removal. (*Id.* at 9.) Plaintiff also argues in her memorandum of law to the Motion to Dismiss that the Court should remand the state law claims because they involve a novel issue of state law under 28 U.S.C. § 1367(c)(1). (Opp'n Br. at 25 ("The question of whether the State is a person amenable to suit under the [NHRRRA] is one of first impression. No New Jersey Court has opined on this issue. Thus, if this Court were to grant the State Defendants motion to the dismiss their § 1983 claims, plaintiff[] respectfully suggest[s] that the Court decline to exercise its supplemental jurisdiction and remand that issue to state court.")). To be clear, this argument was not made in Plaintiff's Motion to Remand.

### A. Motion to Remand

#### 1. Timeliness

A defendant may remove a civil action filed in state court to federal court where the action might originally have been brought. 28 U.S.C. § 1441. Pursuant to 28 U.S.C. § 1446, a defendant seeking to remove a case must file "in the district court for the district . . . within which such action is pending" a notice of removal "within thirty days after the receipt by the defendant, through

service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(a), (b)(1).  This civil rights action is also removable pursuant to 28 U.S.C. § 1443.

A named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise, after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (internal quotation marks omitted).  In the absence of service of process, a court ordinarily may not exercise power over a defendant named in the complaint.  *Id.* at 350; *see Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 (1987) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). Moreover, "where service is made on a statutory agent the thirty-day period under Section 1446(b) does not begin until defendants actually receive the summons and complaint."  *Tucci v. Hartford Fin. Servs. Grp., Inc.*, 600 F. Supp. 2d 630, 633 (D.N.J. 2009).[6]

Here, contrary to Plaintiff's contention, the State Defendants' thirty-day timeline for removal was triggered when they received a copy of the summons and complaint on February 20, 2024, not November 15, 2023.  On November 15, 2023, after Plaintiff attempted to effectuate service at the nursing home were Decedent resided, Plaintiff's counsel delivered a courtesy copy of the Complaint to defense counsel, which is not sufficient to trigger the thirty-day timeline for removal.  In *Murphy*, the plaintiffs did not serve the defendant at the time the complaint was filed; instead, they "faxed a 'courtesy copy' of the file-stamped complaint to one of [the defendant's] vice presidents."  *Murphy Bros., Inc.*, 526 U.S. at 348.  The Supreme Court of the United States

---

[6] A statutory agent has "both limited purpose and limited power"; they "are not true agents but are merely a medium for transmitting the relevant papers."  *Tucci*, 600 F. Supp. 2d at 633.

ultimately held that "mere receipt of the complaint unattended by any formal service" is not sufficient to trigger the thirty-day timeline for removal. *Id.* at 347–48. The Third Circuit has likewise made it clear that the thirty-day period under the first paragraph of Section 1446(b) does not begin until defendants actually receive the initial pleading, which happened here on February 20, 2024. *See McLaren v. UPS Store Inc.*, 32 F.4th 232, 236 (3d Cir. 2022). Thus, when the State Defendants removed this action on March 15, 2024, they were within the thirty-day window to remove.[7]

2. Subject Matter Jurisdiction

Next, in addition to a notice of removal being timely, the federal district court must have original subject matter jurisdiction over the action. *See* 28 U.S.C § 1441. Plaintiff does not argue that the Court lacks jurisdiction. However, a federal court must, at the outset, determine whether jurisdiction exists before proceeding to the merits; a duty exists to raise the issue *sua sponte* when the parties have not raised it themselves. *See TM Mktg. v. Art & Antiques Assocs., L.P.*, 803 F. Supp. 994, 997 (D.N.J. 1992).

Federal district courts have subject matter jurisdiction over civil actions that involve a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists when the action "arise[s] under the Constitution, laws, or treaties of the United States." *Id.* § 1331. "It is long-settled law that a cause of action arises under federal law only when the plaintiff's well pleaded complaint raises issues of federal law." *Wood v. Prudential Ins. Co. of Am.*, 207 F.3d 674, 678 (3d Cir. 2000) (quoting *Metro. Life v. Taylor*, 481 U.S. 58, 62 (1987)).

---

[7] Plaintiff argues that in other cases involving the same subject matter, the defendants in those cases accepted service at the nursing homes. (Motion to Remand at 6–7.) Thus, Plaintiff argues that service should be proper at the nursing home in this case. (*Id.*) The Court rejects this argument. Plaintiff has provided no authority to support the notion that a different defendant's agreement, or even the same defendant's agreement, to accept service in one matter somehow waives its right to refuse service for another.

Under this well-pleaded complaint rule, a plaintiff is considered the "master of the complaint." *Id.* (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987)).

Here, the Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff pleads a federal cause of action. (*See* Compl ¶¶ 40–57.) Although Plaintiff's first claim is based on the New Jersey Nursing Home Responsibilities and Rights Act, N.J. Stat. Ann. § 30:13-1, *et seq.*, the Complaint also alleges (1) violations of the United States Constitution enforceable pursuant to 42 U.S.C. § 1983, (*see id.* ¶ 43 ("[t]he actions of [Defendants] detailed above violated Plaintiff['s] and Decedent's rights under the United States Constitution")), and (2) a deprivation of civil rights under the Federal Nursing Home Reform Act, 42 U.S.C. § 1396(r), also enforceable via 42 U.S.C. § 1983, (*see id.* ¶ 49–57). Plaintiff pled claims under federal law, and therefore provided the Court with jurisdiction under 28 U.S.C. § 1331.

In sum, because the State Defendants' Notice of Removal was timely and the Court has jurisdiction over the federal claims, the Court finds that the removal of this matter was proper. Plaintiff's Motion to Remand will therefore be denied.

### B. Motion to Dismiss

Turning next to the State Defendants' Motion to Dismiss, (ECF No. 5), the State Defendants argue that neither the State of New Jersey nor its agencies are "persons" for purposes of Section 1983 and are immune from suit under the doctrine of sovereign immunity. (Moving Br. at 1). With respect to Plaintiff's state law claims, the State Defendants argue that N.J. Stat. Ann. § 30:13-8 "creates a limited private right of action for deprivation of the rights of nursing home residents against a 'person,'" and they are not persons. (*Id.* at 1-2.) Lastly, regarding Plaintiff's state law fraudulent concealment claim, the State Defendants argue that their Motion to

Dismiss should be granted because there can be no fraudulent concealment before discovery begins. (*Id.*)

        1.      <u>Legal Standard for 12(b)(6)</u>

Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted. Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on other grounds)).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pled factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state that the defendant unlawfully harmed the plaintiff. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). The Court's inquiry, "is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Prop., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 663). On a Rule 12(b)(6)

motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

As set forth above, the Complaint alleges (1) two violations of civil rights enforceable pursuant to 42 U.S.C. § 1983 against the State Defendants; (2) two violations of civil rights enforceable pursuant to 42 U.S.C. § 1983 against the two individually named Defendants—Sean P. Van Lew Sr. and Matthew Shottlander; and (3) two state law claims against the State Defendants and the individually named Defendants. The Court will address only the claims against the State Defendants given that the individually named Defendants did not file a motion to dismiss or otherwise answer the Complaint. Moreover, for reasons discussed later in this Opinion, because the Court will decline to exercise jurisdiction over Plaintiff's state law claims, those claims against the State Defendants will not be addressed in this Opinion.

2. <u>Sovereign Immunity and Section 1983</u>

In their Motion to Dismiss, the State Defendants argue that they are immune from suit under the doctrine of sovereign immunity. (Moving Br. at 7.) Plaintiff contends that "Defendants have waived their immunity claims" because "the State of New Jersey voluntarily chose to take funds from Medicare/Medicaid thereby subjecting itself to the requirements of 42 C.F.R. § 483 . . . the violations of which constitute § 1983 violations." (Letter, ECF No. 12; Opp'n Br. at 1, 11.)

The Eleventh Amendment to the United States Constitution provides that the "Judicial power of the United States shall not be construed to extend to any suit . . . commenced or prosecuted against one of the . . . States" by citizens of another State, U.S. Const., Amend. 11, and, as interpreted, by its own citizens, *Hans v. Louisiana*, 134 U.S. 1, 9–10 (1890). It is well-established that voluntary removal waives a state's immunity from suit in a federal forum, *Lapides v. Board of Regents of the University of Georgia, et al.*, 535 U.S. 613, 620-21 (2002), but not the

9

defenses the state or state agency would have enjoyed in state court, including immunity from liability. *Lombardo v. Pennsylvania Dep't of Pub. Welfare*, 540 F.3d 190, 198 (3d Cir. 2008). Thus, by removing the case here, the State Defendants waived their immunity from suit, and consented to the Court's jurisdiction of this matter, but they may nevertheless be immune from liability. *See id.*

          a)        <u>Plaintiff's Federal Law Claims Against the State Defendants</u>

As discussed, two of Plaintiff's federal claims against the State Defendants arise from civil rights violations brought pursuant to 42 U.S.C. § 1983. Section 1983 imposes liability on "[e]very *person* who, under color of [State law] . . . subjects . . . any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights . . . secured by the Constitution and laws." 42 U.S.C. § 1983 (emphasis added). To be liable under Section 1983, therefore, a defendant must be a "person" within the meaning of the statute. *See id.* It is well-established that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Here, the Complaint asserts Section 1983 claims against the State of New Jersey, the New Jersey Veterans Memorial Home at Menlo Park, the New Jersey Veterans Memorial Home at Paramus, the New Jersey Division of Veteran's Healthcare Services, and the New Jersey Department of Military and Veterans Affairs. Thus, as those parties are arms of the State or the functional equivalent of the State, they are not "persons" within the meaning of Section 1983. *See Kaminski v. New Jersey Dep't of Mil. & Veterans Affs.*, Civ. No. 18-1424, 2018 WL 4380998, at *6 (D.N.J. Sept. 13, 2018) (noting that a suit against the NJDMVA is a "suit against the state itself"); *see also Waskovich v. Morgano*, 800 F. Supp. 1220, 1221–22 (D.N.J. 1992), *aff'd*, 2 F.3d 1292 (3d Cir. 1993) (same); N.J. Stat. Ann. § 38A:3-1 ("The Department of Military and Veterans' Affairs shall be a principal department of the executive branch of the State Government."); N.J.

10

Stat. Ann. § 38A:3-2b ("The Division of Veterans' Healthcare Services shall supervise and operate the New Jersey Veterans' Memorial Home-Menlo Park, the New Jersey Veterans' Memorial Home-Vineland and the New Jersey Veterans' Memorial Home-Paramus."). Therefore, because the State Defendants are not persons within the meaning of Section 1983, the Court will dismiss with prejudice the Section 1983 claims against them.

        b)      <u>Plaintiff's State Law Claims Against the State Defendants</u>

This Court has supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(a). Although there is a common nucleus of operative fact between the federal jurisdictional anchor claims and the state law claims, district courts under 28 U.S.C. § 1367(c), may nevertheless decline to exercise supplemental jurisdiction over state law claims under Section 1367(a). Here, the Court will decline to exercise jurisdiction over Plaintiff's state law claims. It will therefore dismiss those claims without prejudice. *See* 28 U.S.C. § 1367(c).

### III.    <u>CONCLUSION</u>

For the reasons stated above, Plaintiff's Motion to Remand will be **DENIED**. Moreover, the State Defendants' Motion to Dismiss will be **GRANTED**. An appropriate Order will follow.

Date: **October 24, 2024**

                                                            <u>s/ Zahid N. Quraishi</u>
                                                            **ZAHID N. QURAISHI**
                                                            **UNITED STATES DISTRICT JUDGE**